# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONAVEN D. ROACH                                                  CIVIL ACTION NO.

VERSUS                                                                          23-1655-SDD-EWD

LT. LOGAN ROBICHEAUX

## ORDER

Plaintiff Donaven D. Roach ("Roach"), who is representing himself and who was previously confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed his Complaint Under the Civil Rights Act, 42, U.S.C. § 1983, on or about December 6, 2023 against Lt. Logan Robicheaux ("Robicheaux"). Roach alleges violations of his Eighth Amendment rights[1] that appear to be based on a claim of excessive force.

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[2] To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[3] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] R. Doc. 1.
[2] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Pea was granted IFP status on March 8, 2023, so both statutes apply. R. Doc. 3.
[3] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[4] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

on its face.'"[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[7]

Based on the information alleged, it is not clear that Roach's Complaint states a claim, so he will be given another chance to allege specific facts that he believes support his claims.[8] Accordingly,

**IT IS ORDERED** that, by no later than **December 24, 2024**, Plaintiff Donaven D. Roach must file an amended complaint on the standardized § 1983 lawsuit form (same form used before), stating specific facts to support his claims against any individual or entity he wishes to name as a defendant. In any amended complaint, Roach must provide the details of his claims as explained below. Roach is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating the same limited facts originally given without providing more details. The amended complaint must specifically address the following:

1) Better explain the circumstances surrounding the alleged use of force, including the following:
   a. What orders were given?
   b. Did you comply with each order?
   c. Did you refuse to leave the shower cell?
   d. Were you arguing with Robicheaux?
   e. How quickly did the three sprays of chemical agent occur?
   f. If you are claiming any injuries related to spraying of chemical agent, please explain your injuries.

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Id.*
[7] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[8] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

2) Provide any other details that may help the Court evaluate your excessive force claim;

3) If you are trying to bring any claims other than for excessive force, make that clear and give the facts about those claims.

Roach is placed on notice than an amended complaint takes the place of the previous complaint.[9] His amended complaint will be the operative complaint for this lawsuit and **must include all defendants, claims, and facts**. Roach is instructed to place the cause number "3:23cv01655" on the amended complaint and on all documents that he files in this lawsuit.

**Roach is also placed on notice that this lawsuit may be dismissed without further notice if he fails to timely respond to this Order.**

Signed in Baton Rouge, Louisiana, on December 3, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).